IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IGS INDUSTRIES, INC. *agent of* INDUSTRIAL GASKET & SHIM COMPANY, INC., </br></br>Plaintiff, </br></br>v. </br></br>DISCOVER FINANCIAL SERVICES, INC., </br></br>Defendant. | Civil Action No. 17-303 </br>District Judge Mark R. Hornak </br>Chief Magistrate Judge Maureen P. Kelly </br></br></br></br></br>Re: ECF No. 3 |

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

Plaintiff IGS Industries, Inc. ("IGS") brings this diversity action against Defendant Discover Products Inc. ("Discover"),[1] seeking reimbursement of money embezzled from IGS by its former Payroll Supervisor to pay her personal Discover credit card debt.

Presently before the Court is a Motion to Dismiss submitted by Discover. ECF No. 3. For the following reasons, it is respectfully recommended that the Motion be granted.

**II.   REPORT**

**A.    FACTUAL AND PROCEDURAL BACKGROUND**

According to the Complaint, Teri Zemencik ("Zemencik"), who is not a party to this action, was employed by IGS for approximately 22 years until her employment was terminated in March of 2015. ECF No. 1 ¶ 6. At the time of her termination, Zemencik was the Payroll Supervisor in IGS's Accounting Department and had been embezzling money from IGS -- totaling $497,143.17 -- since December of 2009. Id. ¶¶ 7, 8. It appears that Zemencik would manipulate IGS's accounting system to generate checks payable to "vague and generic" names

---

[1] Discover is apparently misidentified in the Complaint as Discover Financial Services, Inc. ECF No. 4 at 1.

such as "Account Services," "Credit Account," "DCS," "Finance Corp.," "Payment Center," and "Services," which she used to pay her personal credit card account debts, including $360,915.32 paid to Discover. Id. ¶¶ 10-13, 16. IGS first learned of Zemencik's embezzlement on March 23, 2015, through its bank which apparently had been informed of the embezzlement by Discover. Id. ¶ 14. IGS complains that no one from Discover ever verified that Zemencik was authorized to pay her personal credit card account with checks drawn on IGS's business account and that, because Zemencik was not so authorized, Discover's acceptance of the checks was commercially unreasonable and resulted in IGS being defrauded of $360,915.32. Id. ¶¶ 15, 17-19.

IGS filed the instant Complaint on March 8, 2017, bringing claims against Discover for failing to exercise ordinary care under the Pennsylvania Uniform Commercial Code ("UCC"), 13 Pa. C. S. §§ 1101, et seq. (Count I), and a claim for "unjust enrichment/quantum meruit" (Count II). Plaintiff seeks to recoup the money drawn from its business account to pay Zemencik's Discover card bills as well as pre-and-post judgment interest and attorney's fees and costs.

Discover filed the instant Motion to Dismiss along with a Brief in Support on March 31, 2017. ECF Nos. 3, 4. IGS filed a Brief in Opposition on April 24, 2017, and on May 4, 2017, Discover filed a Reply Brief. ECF Nos. 11, 12. As such the Motion is ripe for review.

**B.    STANDARD OF REVIEW**

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Empl.'s Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143

(3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

    **C.**    **DISCUSSION**

        **1.**    **UCC Claims (Count I)**

IGS brings claims against Discover at Count I of the Complaint for failing to exercise ordinary care under Sections 3404, 3405 and 3406 of the UCC. Discover asks that all three claims be dismissed as none of these provisions apply to the facts of this case. The Court agrees.

### a. Section 3404

The liability provision of Section 3404, which is found in subsection (d), provides the following:

> **(d) Failure to exercise ordinary care.--**With respect to an instrument to which subsection (a) or (b) applies, if a person paying the instrument or taking it for value or for collection fails to exercise ordinary care in paying or taking the instrument and that failure substantially contributes to loss resulting from payment of the instrument, the person bearing the loss may recover from the person failing to exercise ordinary care to the extent the failure to exercise ordinary care contributed to the loss.

13 Pa. C. S. § 3404 (d). Subsection 3404(b), referenced above and which is presently at issue,[2] provides:

> **(b) Fictitious payee.--**If a person whose intent determines to whom an instrument is payable (section 3110(a) . . .) does not intend the person identified as payee to have any interest in the instrument or the person identified as payee of an instrument is a fictitious person, the following rules apply until the instrument is negotiated by special indorsement:
>
> (1) Any person in possession of the instrument is its holder.
>
> (2) An indorsement by any person in the name of the payee stated in the instrument is effective as the indorsement of the payee in favor of a person who, in good faith, pays the instrument or takes it for value or for collection.

13 Pa. C. S. § 3404(b). IGS acknowledges that subsection (b)(1) is inapplicable here, ECF No. 11 at 4, but contends that Discover may be held liable under subsection (b)(2). Section 3404(b)(2), however, "covers cases in which an instrument is payable to a fictitious or nonexisting person and to cases in which the payee is a real person but the drawer or maker does not intend the payee to have any interest in the instrument," neither of which is at issue in this case. 13 Pa. C.S. § 3404 cmt. 2. Discover is clearly not a fictitious or nonexisting entity and the

---

[2] The parties appear to agree that Section 3404(a), which covers situations where instruments are issued to imposters, does not apply in this case. ECF No. 4 at 6; ECF No. 11 at 4.

maker of the instruments at issue here -- Zemencik -- clearly intended Discover to have an interest in the instruments.

IGS nevertheless argues that it has stated a claim under Section 3404(b)(2) because some of the checks at issue were made to fictitious persons, including "BC," "CCC," "OS." In response, Discover argues that Section 3110(a), which is incorporated into Section 3404(b), dictates that it is the intent of the issuer that determines to whom a check is payable, even if the payee is misidentified, and that because Zemencik intended for the checks to be payable to Discover, Section 3404(b) does not apply. Indeed, Section 3110(a) provides that:

> **(a) Intent of issuer.--**The person to whom an instrument is initially payable is determined by the intent of the person, *whether or not authorized*, signing as, or in the name or behalf of, the issuer of the instrument. *The instrument is payable to the person intended by the signer even if that person is identified in the instrument by a name or other identification that is not that of the intended person.*

13 Pa. C.S. § 3110(a) (emphasis added). Thus, under Section 3110(a), even if the payee is misidentified, the instrument is payable to the person intended by the issuer and the intended payee may endorse the check using either the "misdescribed" name or the payee's correct name. 13 Pa. C.S. § 3110 cmt. 2. Because it is clear in this case that Zemencik intended for the checks to be payable to Discover, the fact that Zemencik identified the payee as something other than "Discover" is of no moment. Section 3404(b)(2) therefore is inapplicable to the circumstances of this case and that claim is properly dismissed.[3]

---

[3] In so finding the Court necessarily rejects IGS's argument that, because Section 3404 (b)(2) does not expressly reference Section 3110(a), Section 3110(a) somehow doesn't apply to subsection (b)(2). A plain reading of Section 3404(b) shows that Section 3110(a) is incorporated into Section 3404(b) as a whole and thus is applicable to both subsections (b)(1) and (b)(2). Indeed, IGS concedes that Section 3404(b)(1), which does not expressly refer to Section 3110(a) either, does not apply in this case because that subsection "concerns Zemencik's intent regarding the payee on the checks as determined by Code Section 3110(a)." ECF No. 11 at 4.

### b. Section 3405

The liability provision of Section 3405 provides that:

> **(b) Rights and liabilities.--**For the purpose of determining the rights and liabilities of a person who, in good faith, pays an instrument or takes it for value or for collection, if an employer entrusted an employee with responsibility with respect to the instrument and the employee or a person acting in concert with the employee makes a fraudulent indorsement of the instrument, the indorsement is effective as the indorsement of the person to whom the instrument is payable if it is made in the name of that person. If the person paying the instrument or taking it for value or for collection fails to exercise ordinary care in paying or taking the instrument and that failure substantially contributes to loss resulting from the fraud, the person bearing the loss may recover from the person failing to exercise ordinary care to the extent the failure to exercise ordinary care contributed to the loss.

13 Pa. C.S. § 3405(b). Section 3405 therefore applies where an employee makes a fraudulent indorsement of an instrument. Fraudulent indorsement is defined as covering the following situations:

> (1) In the case of an instrument payable to the employer, a forged indorsement purporting to be that of the employer.
>
> (2) In the case of an instrument with respect to which the employer is the issuer, a forged indorsement purporting to be that of the person identified as payee.

13 Pa. C. S. § 3405(a).

IGS concedes that subsection (a)(1) is inapplicable here but contends that subsection (a)(2) is somehow implicated because "the checks were made payable to identified payees including 'Financial Corp.', 'DFS Inc.', and others, but were indorsed by Discover purporting to be the identified payee." ECF No. 11 at 5. It is unclear to the Court, however, how an indorsement by Discover falls under subsection (a)(2) which applies to fraudulent indorsements made by an employee. See Section 3405 cmt. 1 ("Section 3-405 is addressed to fraudulent indorsements made by an employee with respect to instruments with respect to which the

employer has given responsibility to the employee"). IGS has not alleged that Zemencik fraudulently indorsed the checks at issue and thus Section 3405, which after all is entitled "Employer's responsibility for fraudulent indorsement by employee," does not apply. As such, IGS's claim brought pursuant to Section 3405 at Count I is properly dismissed as well.

                **c.**      **Section 3406**

Section 3406, which is entitled "Negligence contributing to forged signature or alteration of instrument," is equally inapplicable. It provides:

> **(a) Failure to exercise ordinary care.--**A person whose failure to exercise ordinary care substantially contributes to an alteration of an instrument or to the making of a forged signature on an instrument is precluded from asserting the alteration or the forgery against a person who, in good faith, pays the instrument or takes it for value or for collection.
>
> **(b) Allocation of loss.--**Under subsection (a), if the person asserting the preclusion fails to exercise ordinary care in paying or taking the instrument and that failure substantially contributes to loss, the loss is allocated between the person precluded and the person asserting the preclusion according to the extent to which the failure of each to exercise ordinary care contributed to the loss.

13 Pa. C.S. § 3406. Thus, as IGS acknowledges, Section 3406 adopts a concept of comparative negligence and provides for the allocation of loss where an instrument has been altered and/or signature has been forged and the loss stemming from the alteration and/or forgery can be attributed to the failure to exercise ordinary care by both the drawer and the drawee of the instrument. See Section 3406 cmts. 1, 2, 3 Case #2, 4. See also ECF No. 11 at 6, *quoting* Env't Equip. & Serv. Co. v. Wachovia Bank, N.A., 741 F. Supp. 2d 705, 713 (E.D. Pa. Sept. 23, 2010). Although it can be inferred from the allegations in the Complaint that IGS itself failed to exercise ordinary care in its supervision of Zemencik, it has not alleged any facts regarding a forged signature or the alteration of an issued instrument. Section 3406 therefore does not apply. IGS

7

therefore has failed to state a claim under Section 3404, 3405 or 3406 of the UCC and Count I should be dismissed in its entirety.

### 2. Unjust Enrichment/Quantum Meruit Claim (Count II)

The law is not in dispute. Under Pennsylvania law, in order to establish a claim for unjust enrichment or quantum meruit, the plaintiff must prove: (1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. Limbach Co., LLC v. City of Philadelphia, 905 A.2d 567, 575 (Pa. Commw. Ct. 2006), *quoting* Mitchell v. Moore, 729 A.2d 1200, 1203-04 (Pa. Super. Ct. 1999). The "focus is not on the intention of the parties, but rather on whether the defendant has been unjustly enriched." Id. See Northeast Fence and Iron Works, Inc. v. Murphy Quigley Co., 933 A.2d 664, 669 (Pa. Super. Ct. 2007) ("the doctrine does not apply simply because the defendant may have benefitted as a result of the actions of the plaintiff"); Commonwealth v. TAP Pharm. Products, Inc., 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005) ("the plaintiff bears the burden of establishing . . . that the defendant . . . passively received a benefit that it would be unconscionable to retain").

Here, Discover argues that IGS is unable to establish the third element of unjust enrichment, or that Discover accepted and retained any benefit from the checks issued by Zemencik that would be inequitable for Discover to retain without payment of value. In particular, Discover argues that, under the agreement that it entered into with Zemencik, Discover agreed to extend a line of credit to Zemencik so that she could make purchases and obtain cash advances in exchange for Zemencik's agreement to pay Discover back for the credit card charges she incurred. Thus, Discover argues, it had a contractual right to the payments from

8

Zemencik as reimbursement for the payments Discover already paid to vendors from which Zemencik purchased goods and services with her Discover card and that it did not "retain the monies received."

In response, IGS argues only that it is disingenuous for Discover to state that it did not retain the monies it received from IGS because Discover had already extended the money to the vendors at issue when Zemencik purchased goods and services from them, and simply states that Discover's acceptance of IGS checks as payment for Zemencik's personal credit card account is the "epitome of inequitable and unjust." ECF No. 11 at 9.

In this Court's view, IGS has not alleged sufficient facts in the Complaint to support a claim for unjust enrichment. Notwithstanding IGS's situation, it is not unjust for Discover to have accepted payments to which it was entitled under its contractual agreement with Zemencik reimbursing it for monies it extended to vendors on Zemencik's behalf. The source of the money that Zemencik used to pay her debts, even money fraudulently obtained, does not alter Discover's contractual right to be paid.[4] Under these circumstances, it cannot be said that Discover was enriched unjustly and Count II of IGS's Complaint should be dismissed.

D.   **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss submitted in behalf of Defendant Discover, ECF No. 3, be granted and that the case be dismissed.

---

[4] Moreover, as pointed out by Discover, not only was IGS in a position -- perhaps a better position -- to discover that Zemencik was embezzling money but Zemencik, who was criminally prosecuted for paying her debts from IGS's account and pled guilty to four counts of mail fraud, has been ordered to make full restitution to IGS in the amount of $444,143.17. ECF No. 4-1. See ECF No. 2:15-cr-0271. See also Brown v. Daniels, 128 F. App'x 910, 913 (3d Cir. 2005) (In deciding a motion to dismiss, courts may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim). It therefore appears that IGS's loss maybe a temporary one.

9

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                Respectfully submitted,

                <u>/s/ Maureen P. Kelly</u>
                MAUREEN P. KELLY
                CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: August 4, 2017

cc:    The Honorable Mark R. Hornak
       United States District Judge

       All counsel of record by Notice of Electronic Filing